UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRAVEEN SINGH and JOYTESHNA KARAN,

    Plaintiffs,

v.

KIRK BUNCH et al.,

    Defendants.

No. 1:15-cv-00646-DAD-BAM

ORDER GRANTING DEFENDANT JOHN EVERS'S MOTION TO QUASH SERVICE AND DISMISS CLAIMS AGAINST HIM

(Doc. No. 49)

This matter comes before the court on defendant John Evers's motion to quash service and dismiss the complaint. The motions were properly noticed for hearing with service on all counsel and a hearing on these motions was held on July 6, 2017. Attorney Blake P. Loebs specially appeared on behalf of defendant Evers. Counsel for plaintiffs did not appear at the hearing, nor did counsel for any other parties. The court has considered the parties' briefs and oral arguments. For the reasons stated below, the court will grant the defendant Evers's motion.

**BACKGROUND**

Plaintiffs Praveen Singh and Joyteshna Karan commenced this action on April 27, 2015, alleging claims under the Civil Rights Act, 42 U.S.C. § 1983, the civil RICO statute, and several

/////

/////

1

torts pursuant to state law.[1]  Plaintiffs allege claims against multiple defendants, including defendant John Evers, an investigator for the Modesto Police Department.  On November 18, 2015, the court issued an order continuing the status conference in this case due to the failure of defendants Evers and Frank Navarro to appear in this action.  (Doc. No. 24 at 1.)  In continuing the status conference, the court further directed plaintiffs to address their efforts to prosecute the case against these defendants and to file proofs of service to avoid dismissal under Rule 4 of the Federal Rules of Civil Procedure.  (*Id.* at 2.)  Plaintiffs filed an executed proof of service with respect to defendant Evers on November 30, 2015.  (Doc. No. 26.)  That document indicates that plaintiffs attempted service of defendant Evers on May 4, 2015, by delivering copies of the summons and plaintiffs' original complaint on a deputy clerk at the Stanislaus County Counsel's Office—not with the City of Modesto, Mr. Evers's employer.  (*Id.*)

On April 28, 2016, after learning that plaintiffs had named Mr. Evers as a defendant in this case and that plaintiffs were planning to request entry of default against him, defendant Evers's counsel, Mr. Loebs, contacted plaintiffs' counsel, Alejandro Herrera, and pointed out deficiencies with plaintiffs' proof of service.  (Declaration of Blake P. Loebs (Doc. No. 49-1) ("Loebs Decl.") ¶¶ 3–4.)  In response, on May 17, 2016, Mr. Herrera acknowledged via email that the proof of service for Mr. Evers "was incorrectly filed and confused with another defendant," but insisted that defendant Evers had been properly served.  (*Id.* ¶ 4.)  Mr. Herrera then indicated that "[t]his can be corrected and I do intend to correct it."  (*Id.*)

Nearly one year later, on May 22, 2017, plaintiffs re-filed a proof of service with respect to defendant Evers.  (Doc. No. 45.)  That document appears to contain the same proof of service as the one previously filed.  (*Compare* Doc. No. 45, *with* Doc. No. 26.)  That same day, the assigned magistrate judge held a status conference to discuss the status of service on defendants

---

[1] Plaintiffs' claims have since been narrowed.  On January 7, 2016, the court granted in part and denied in part a motion to dismiss brought on behalf of several defendants, with leave to amend.  (Doc. No. 27.)  On January 22, 2016, plaintiffs filed their first amended complaint, which broadly states the same nine claims against the same defendants, including Mr. Evers, as in plaintiffs' original complaint.  (*See* Doc. No. 31.)  On January 11, 2017, the court granted in part and denied in part a motion to dismiss plaintiffs' first amended complaint, dismissing certain claims and allowing plaintiffs to proceed on others.  (Doc. No. 40.)

Evers and Navarro. (Doc. No. 48.) Plaintiffs indicated at the status conference that they intended to request an entry of default against these defendants, and accordingly, the court ordered plaintiffs to file such a request, if no appearance is made, by June 1, 2017. To date, plaintiffs have not filed a request for entry of default.

The next day, on May 23, 2017, Mr. Loebs contacted Mr. Herrera by email, noting that plaintiffs had still not filed a corrected proof of service. (Loebs Decl. ¶ 6.) In response, Mr. Herrera represented for the first time that he did not have a valid proof of service for defendant Evers, but nonetheless maintained that defendant Evers had been properly served "based on information received." (Loebs Decl. ¶ 6.) Mr. Herrera indicated he would file a "correct" proof of service and seek entry of default against defendant Evers shortly thereafter. (*Id.*) Mr. Loebs asked Mr. Herrera to make any such proof of service available to defendant Evers at least two weeks prior to seeking entry of default, so that defendant Evers could evaluate what options might be appropriate. (*Id.* ¶ 7.)

On May 24, 2017, defendant Evers filed the instant motion to quash service and dismiss the complaint, based on plaintiffs' failure to timely or properly serve copies of the summons and complaint on defendant. (Doc. No. 49.) On June 19, 2017, plaintiffs' counsel filed a declaration in opposition to the motion. (Doc. No. 54.) Therein, Mr. Herrera states that he had concurrently filed a corrected proof of service (*see* Doc. No. 51) which purportedly renders defendant's motion moot. (Doc. No. 54 ¶¶ 2–3.) The newly filed proof of service indicates only that plaintiffs attempted service on defendant Evers on May 15, 2015, by delivering documents to the "Clerk at Window," presumably at the Modesto Police Department. (Doc. No. 51.) On June 29, 2017, defendant Evers filed his reply. (Doc. No. 55.)

**LEGAL STANDARD**

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure for serving a defendant. Fed. R. Civ. P. 12(b)(5). If the court determines that the plaintiff has not properly served the defendant in accordance with Rule 4, the court has discretion to either dismiss

3

the action for failure to effect proper service, or instead merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant. *See Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case").

**DISCUSSION**

As described further below, the court finds that dismissal of defendant Evers from this action is appropriate based on plaintiffs' failure to effect proper service.

**A. Manner of Service**

Under Rule 4 of the Federal Rules of Civil Procedure, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).[2] In California, such methods of service include, in pertinent part, (1) personal delivery to a defendant or authorized agent; or (2) delivery by "substitute service" to someone else at defendant's residence or place of business. Cal. Code Civ. Proc. §§ 415.10, 415.20. Because plaintiffs' proof of service does not indicate that defendant Evers was served personally, the court proceeds to determine whether plaintiffs properly effected substitute service.

Pursuant to § 415.20(b) of the California Code of Civil Procedure, copies of the summons and complaint may be delivered on someone other than the defendant under certain circumstances, at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a U.S. post office box. To effect this so-called "substitute service," however, a plaintiff must first attempt personal service with reasonable diligence. § 415.20(b). Where a defendant challenges this method of service, the plaintiff bears the burden to demonstrate that she made reasonable attempts to serve the defendant personally before resorting to substitute service. *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). After copies of the summons and complaint are delivered, plaintiffs must also mail separate copies "by

---

[2] Alternatively, Rule 4 also sets forth enumerated methods of service, but methods of service under California law are generally broader.

4

first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." § 415.20(b).

Here, neither the face of plaintiffs' new proof of service nor their counsel's declaration in response to the instant motion provide any evidence that plaintiffs made a good faith effort to effect service on defendant Evers personally. Moreover, plaintiffs have provided no indication that they mailed copies of the summons and complaint to defendant by first class mail. Accordingly, service should be quashed on this basis.

### B.     Proof of Service

Plaintiffs' proof of service is also facially defective. Under California law, a proof of service of summons must "show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served." Cal. Code Civ. Proc. § 417.10(a). Similarly, this court's Local Rules provide that when service is made by personal delivery, it must indicate, among other things, the name and address of the person served. Local Rule 210(b).

Here, plaintiffs' newly filed proof of service only indicates that copies of the summons and complaint were left with the "Clerk at Window." (Doc. No. 51.) Such a vague reference falls far short of the detail required under state law and by the Local Rules of this court. Furthermore, plaintiffs' proof of service fails to specify the location at which copies of the summons and complaint were left. While the document references the "Modesto Police Dept" next to the checkbox relating to personal service, it is far from clear whether the "Clerk at Window" worked for the Modesto Police Department or where specifically that person was located. Accordingly, service should also be quashed on this basis.

### C.     Dismissal of Defendant Evers

Upon finding defective service, this court may either dismiss the complaint or retain the action and quash the service. *See Marshall*, 155 F.3d at 1032. Here, the court finds no good cause to grant plaintiffs leave to re-serve defendant Evers. This action has been pending before this court for over two years, and the court has yet to issue a scheduling order. During that same time period, plaintiffs have filed three separate proofs of service with respect to defendant Evers,

each of which appears deficient on its face. On at least two occasions, the court has raised the issue of whether and how this litigation is to proceed against defendant Evers, and Mr. Loebs has apparently raised concerns with Mr. Herrera directly on several other occasions. Plaintiffs have shown no willingness to correct their errors or to follow the court's advice with respect to defendant Evers.

More importantly, plaintiffs have provided this court with no evidence that they attempted to serve defendant Evers in earnest, nor have they indicated that they are willing to do so properly and in a timely fashion. To the extent plaintiffs could feasibly serve Mr. Evers at this point in time, they have not sought leave to do so beyond the ninety-day limit provided for under Rule 4(m). Accordingly, this court concludes that dismissal of defendant Evers from this action is appropriate.

**CONCLUSION**

For the reasons set forth above,

1. Defendant Evers's motion to quash service and dismiss the complaint (Doc. No. 49) is granted;
2. Defendant Evers and all claims against him are dismissed from this action; and
3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **July 6, 2017**

UNITED STATES DISTRICT JUDGE