UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN SINGH and JOYTESHNA KARAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>KIRK BUNCH, et al.,<br><br>    Defendants. | No. 1:15-cv-00646-DAD-BAM<br><br>ORDER DENYING *EX PARTE* APPLICATION TO CONTINUE OCTOBER 17, 2017 HEARING<br><br>(Doc. No. 69) |

On September 12, 2017, defendant Navarro filed a motion to set aside the clerk's entry of default against him in this case, to quash service and dismiss him from the suit. (Doc. No. 63.) Hearing on this motion was properly noticed for October 17, 2017. (*Id.*) Plaintiffs did not timely file an opposition or a request to extend the time to oppose the motion, and only belatedly filed an *ex parte* application to continue the October 17, 2017 hearing to November 7, 2017. (Doc. No. 69.) In that application, plaintiffs' counsel explains he was out of the country until the end of September 2017 on a pre-paid vacation, and that this gave him insufficient time to prepare an opposition to defendant Navarro's motion before the opposition was due on October 3, 2017. (Doc. No. 69-1 at ¶¶ 2–3.) Plaintiffs' counsel reports that he contacted defense counsel and sought a stipulation to continue the hearing date, but refused to agree to set aside the entry of default, which defense counsel had sought in return for such a stipulation. (Doc. No. 69-3.) As

1

such, no stipulation was reached.

Local Rule 144 states that "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d).  Here, plaintiffs' counsel declares he became aware of the motion on the day it was filed, September 12, 2017, when he was already outside of the country and knew he would not be able to timely file an opposition to it. (Doc. No. 69-1 at ¶ 3.)  The documents submitted by plaintiffs' counsel indicate he exchanged several e-mails with defense counsel over the subsequent two days. (Doc. No. 69-3.) Plaintiffs' counsel knew by September 14, 2017 that defense counsel would not stipulate to continue the hearing absent an agreement to set aside the entry of default. (*Id.* at 2.)  Further, plaintiffs' counsel represents he returned to the country on September 30, 2017, several days before his opposition to the pending motion was due. (Doc. No. 69 at 2.)  Despite knowing that no stipulation was forthcoming for almost a month, and having been back in the country for ten days, plaintiffs' counsel failed to file a request to continue the noticed hearing date or grant him additional time to oppose the motion until less than a week before the properly noticed hearing.  No good cause has been shown for this delay.[1]

Further, the court observes this case was filed approximately two and a half years ago, on April 27, 2015. (Doc. No. 1.)  Despite the significant time that has elapsed, the case has yet to reach an initial scheduling conference and, therefore, no discovery deadline has yet to be established.  Much of that delay[2] appears to be related to uncertainty about the adequacy of plaintiffs' service of the summons and complaint on all defendants and plaintiffs' seeking of entry of default against those defendants who have not appeared. (*See, e.g.*, Doc. Nos. 44, 48, 49, 53,

---

[1] Plaintiffs' counsel's assertion that defense counsel "feigned his agreement to continue the Motion date" appears to be disingenuous. (Doc. No. 69-1 at ¶ 5.) Defense counsel's e-mails make it clear from the outset that the defense would not stipulate to continue the hearing date on the pending motion without plaintiff stipulating to set aside the entry of default. (Doc. No. 69-3.)

[2] While the current delay in this case has persisted only since March 2017, the court notes that delays due to uncertainty regarding service on defendant Navarro are not a new in this case. (*See* Doc. No. 24) (noting that, as of November 2015, plaintiffs had failed to file proofs of service concerning defendants Navarro and Evers and warning they would be dismissed if plaintiffs failed to prosecute the case against them).

58, 59, 60.) Plaintiffs' counsel also neglected to appear at the last properly noticed hearing before this court. (Doc. No. 57.) In short, the court is concerned plaintiffs and their counsel are not diligently prosecuting this case.

For all of these reasons, no further delays on the part of plaintiffs will be permitted absent a demonstration of good cause, which has not been shown here. Plaintiffs' ex parte application to continue the hearing date (Doc. No. 69) on the pending motion to set aside the entry of default and quash service is denied. While plaintiffs' counsel forfeited the right to be heard in opposition to the motion by failing to timely file an opposition, *see* L.R. 230(d), the court will nonetheless exercise its discretion and allow plaintiffs' counsel to voice his objections to the pending motion at the hearing, if he so chooses.

IT IS SO ORDERED.

Dated: **October 11, 2017**

_____
UNITED STATES DISTRICT JUDGE