UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN SINGH and JOYTESHNA KARAN,<br><br>Plaintiffs,<br><br>v.<br><br>KIRK BUNCH, FRANK NAVARRO, DAVID HARRIS, BIRGIT FLADAGER, COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and ADAM CHRISTIANSON,<br><br>Defendants. | No. 1:15-cv-00646-DAD-BAM<br><br>ORDER GRANTING MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, AND DISMISS DEFENDANT NAVARRO<br><br>(Doc. No. 63) |

This matter comes before the court on defendant Frank Navarro's motion to quash service of process, filed September 12, 2017. (Doc. No. 63.) The motion was noticed for hearing on September 12, 2017. Attorney John Whitefleet and Bradley Swingle appeared telephonically on behalf of defendant Navarro. Plaintiff's counsel, attorney Alejandro Herrera, appeared telephonically at the hearing, but failed to file a written opposition to the pending motion. Considering the arguments and evidence presented to the court, the court will grant the pending motion, set aside the default, quash service of process, and dismiss defendant Navarro from this case.

/////

1

## BACKGROUND

This case concerns allegations of abusive and unlawful law enforcement actions by the defendants against plaintiffs in connection with investigating the homicide of Korey Kauffman. Details of the allegations of the complaint are set forth in the court's prior orders and will not be recounted here. (*See* Doc. Nos. 40, 58.) Defendant Navarro was an officer employed by the Turlock Police Department. Pertinent to the current motion, a summons was issued by the court naming defendant Navarro alongside defendants Fladager and Harris on April 28, 2015. (Doc. No. 5.) A return of service was filed by plaintiff on November 30, 2015, indicating defendant Navarro was served by leaving the summons and a copy of the complaint with Kelly Hines of the Turlock Police Department. (Doc. No. 25.) Defendant Navarro declares in relation to the pending motion to quash that he recalls receiving a summons in May 2015 in his cubicle's mailbox concerning this lawsuit, but disregarded it since the summons was addressed only to Kirk Bunch, John Evers, and the County of Stanislaus, and not to him. (Doc. No. 65 at ¶ 2.) Indeed, the summons defendant Navarro attaches as an exhibit to his declaration—the one he received from plaintiff—is addressed to those three defendants and does not list Navarro's name. (*Id.* at 5.) Defendant Navarro's counsel avers he contacted plaintiffs' counsel by telephone and e-mail on August 14, 2017 and August 24, 2017 concerning the error in service and received no response. (Doc. No. 66 at ¶ 3.)

A clerk's entry of default was entered against defendant Navarro on August 11, 2017, at plaintiff's request. (Doc. Nos. 60, 61.) Defendant Navarro moved to set aside the entry of default, quash service of process, and dismiss the complaint against him on September 12, 2017. (Doc. No. 64.) As noted above, plaintiffs filed no written opposition to that motion. Defendant Navarro filed a reply on October 10, 2017. (Doc. No. 68.)

## LEGAL STANDARDS

Pursuant to the Federal Rules of Civil Procedure, a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists to set aside the entry of default, the court must consider three factors: (1) whether the defendant engaged in culpable conduct that led to the default, (2) whether the defendant had a meritorious

defense, and (3) whether setting aside the entry of default would result in prejudice to the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004); *accord United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). While the decision of whether to set aside an entry of default is committed to the sound discretion of the district courts, this discretion "is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986); *see also O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

Additionally, a defendant may move to dismiss an action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4 of the Federal Rules of Civil Procedure for serving a defendant. Fed. R. Civ. P. 12(b)(5). If the court determines that the plaintiff has not properly served the defendant in accordance with the requirements of Rule 4, the court has discretion to either dismiss the action for failure to effect proper service, or merely quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant. *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case.").

**ANALYSIS**

**A.     Motion to Set Aside Entry of Default**

Defendant Navarro requests the court set aside the entry of default because he did not know he was named as a defendant in this suit, he has a meritorious defense to the suit insofar as he believes it fails to state a cognizable claim against him, and plaintiffs would not be prejudiced by setting aside the default. (Doc. No. 64 at 5–7.)

/////

"If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' [his] conduct is culpable." *Franchise Holding II, LLC*, 375 F.3d at 926 (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)). However, "to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision[-]making, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp.*, 244 F.3d at 697). Here, defendant Navarro explains that he received the summons, but because it did not list his name, he "did not believe it was directed to [his] attention." (Doc. No. 65 at ¶ 2.) This explanation is only marginally plausible. Defendant Navarro notes in the same declaration that he received a copy of both the summons and the complaint. (*Id.*) The complaint clearly lists defendant Navarro as the second named defendant. While it is true his name did not appear on the summons itself, one of the purposes of a summons is to advise the defendant that he has been named in a complaint. *See Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-cv-00918-RFB-CWH, 2014 WL 6634821, at *4 (D. Nev. Nov. 21, 2014) (noting rules for service of process "are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice") (quoting *Direct Mail Specialists, Inc.*, 840 F.2d at 688). Certainly, providing the complaint along with the summons puts that defendant on constructive notice of the action's filing and his potential involvement in it. However, a lay person may have been confused by the summons' failure to name him. Therefore, this factor does not weigh strongly for or against defendant's motion.

Defendant Navarro next argues that he had a meritorious defense because he is mentioned "only a single time in the entire Complaint," and would bring a motion under Rule 12(b)(6) to dismiss the case for failure to state a claim. (Doc. No. 64 at 5–6 (emphasis removed).) This argument is not persuasive. While Navarro is not mentioned *individually* with great frequency in the first amended complaint ("FAC"), that document notes early on that defendants Bunch, Navarro, and Evers would be collectively referenced as "the Investigators" throughout the complaint. (Doc. No. 31 at ¶ 11.) The FAC is replete with factual allegations against "the Investigators"—clearly including defendant Navarro. (*See, e.g.*, *id.* at ¶ 17 ("[A]s the election got

closer, the Investigators became more aggressive towards Mr. Singh (and Mr. Carson), pressuring him more and more to "*turn over Carson*," or give them "*something on Carson*."); *id.* at ¶ 23 (alleging the investigators accused plaintiff Singh of wrongdoing during a six-hour interrogation, did not take steps to preserve evidence, and refused to provide a transcript of his polygraph examination); *id.* at ¶ 24 (stating investigators began to threaten plaintiffs' family and friends and tell them plaintiff Singh is a murderer); *id.* at ¶ 25 (plaintiffs' friends were threatened by the investigators and told plaintiff Singh was a murderer and a pimp); *id.* at ¶ 26 (the investigators threatened plaintiff Karan with an investigation for real estate fraud "if she didn't 'give them what they wanted'").) If defendant Navarro's sole argument in a motion under Rule 12(b)(6) was that he was only named once in the complaint, this argument would not be meritorious, particularly since the court has heard a motion to dismiss in this matter and found the complaint states at least some cognizable claims against one of the other investigators, defendant Bunch. (*See* Doc. No. 40.) Furthermore, what is necessary to satisfy the "meritorious defense" requirement is that the defendant "allege sufficient *facts* that, if true, would constitute a defense." *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) (emphasis added) (quoting *Mesle*, 615 F.3d at 1092). While "the question [of] whether the factual allegation [i]s true is not to be determined by the court when it decides the motion to set aside the default," and the court is merely looking to see whether the factual question "would be the subject of the later litigation," *id.* (internal quotations omitted), defendant Navarro has not stated *any* factual allegations that would constitute a defense. Instead, he suggests he would defend solely on a legal ground of uncertain merit. The court concludes this factor weighs against allowing defendant Navarro to set aside the entry of default.

Finally, the question of whether plaintiffs would be prejudiced is easily answered in the negative. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095 (quoting *TCI Grp.*, 244 F.3d at 701). This case has not yet even had an initial scheduling conference, and therefore no deadlines have passed that the setting aside of default would affect. Discovery has yet to open, and plaintiffs will experience no prejudice by the setting aside of this default.

The law clearly supports procedural decisions that encourage cases to be decided on the merits. *See Mesle*, 615 F.3d at 1089 ("[A] case should, whenever possible, be decided on the merits.") (quoting *Falk*, 739 F.2d at 463); *Franchise Holding II, LLC*, 375 F.3d at 924. Combining this with the fact that no prejudice will inure to plaintiffs by allowing the entry of default to be set aside, the court will exercise its discretion to set aside the entry of default, notwithstanding any factors weighing against doing so here.

**B.     Motion to Quash Service and Dismiss Defendant Navarro**

Having set aside the default, the court now turns to the separate question of whether defendant Navarro's motion to quash service should be granted and, if so, whether he should be dismissed from the case. This court recently addressed a similar issue in this case concerning defendant Evers in July 2017. (*See* Doc. No. 58.)

As the court has previously stated, under Rule 4 of the Federal Rules of Civil Procedure, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).[1] In California, such methods of service include, in pertinent part, (1) personal delivery to a defendant or authorized agent; or (2) delivery by "substitute service" to someone else at defendant's residence or place of business. Cal. Code Civ. Proc. §§ 415.10, 415.20. None of the proofs of service filed by plaintiffs indicate defendant Navarro was served personally. (*See* Doc. Nos. 25, 46.[2]) Given this, the court must determine whether plaintiffs properly effected substitute service, keeping in mind that "[s]o long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)). Further, "[t]echnical defects in a

/////

---

[1] Alternatively, Rule 4 also sets forth enumerated methods of service, but methods of service under California law are generally broader.

[2] While filed on separate dates, these appear to reflect the same, singular attempt to serve defendant Navarro. (*Compare* Doc. No. 25 *with* Doc. No. 46.)

summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan*, 39 F.3d at 1404.

As an initial matter, under California law, a summons "shall be directed to the defendant." Cal. Civ. Proc. Code § 412.20(a). Defendant Navarro declares that the summons he receives was not directed to him. (Doc. No. 65 at ¶ 2.) Indeed, the summons he attaches as an exhibit to his motion does not list his name. (*See id.* at 5.) Clearly, service here was facially deficient.

Moreover, as with defendant Evers, California law allows substitute service—including leaving a copy of the summons and complaint at a person's usual place of business—but first requires the plaintiff to attempt personal service with reasonable diligence. Cal. Civ. Proc. Code § 415.20(b). When a defendant challenges this method of service, the plaintiff bears the burden to demonstrate that she made reasonable attempts to serve the defendant personally before resorting to substitute service. *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979). After copies of the summons and complaint are delivered, plaintiffs must also mail separate copies "by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." § 415.20(b). Plaintiffs here have made no showing that they ever attempted to serve defendant Navarro personally, nor that they have mailed him a separate copy of the summons and complaint.

The court next turns to whether defendant Navarro should be dismissed from the case. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). Even when a plaintiff has failed to correctly make service, the court must allow plaintiff additional time for service "if the plaintiff shows good cause for the failure" to serve defendant. Fed. R. Civ. P. 4(m); *see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) ("[T]he district court must extend time for service upon a showing of good cause."). Additionally, "if good cause is

not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198; *see also Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013); *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004) (noting that courts have broad discretion to extend time for service, if warranted, and need not require a showing of good cause). Good cause is shown by establishing excusable neglect, along with actual notice to the party that should have been served, a lack of prejudice to the unserved party, and severe prejudice to the plaintiff. *Lemoge*, 587 F.3d at 1198 n.3.

Plaintiffs have not attempted to establish either good cause or excusable neglect here and have not explained why the suit should not be dismissed without prejudice against defendant Navarro. Even construing Rule 4 liberally, it is clear plaintiffs have not complied with the requirements for service of process and have presented no reason for their failure to do so. Furthermore, this case has now been pending before the court for more than two and a half years and has yet to proceed to an initial scheduling conference. Therefore, service is quashed and defendant Navarro will be dismissed from this action without prejudice.

## CONCLUSION

For the reasons given above:

1. The motion to set aside the entry of default, quash service of process, and dismiss defendant Navarro from the complaint (Doc. No. 63) is granted;
2. Defendant Navarro and all claims against him are dismissed, without prejudice, from this action; and
3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **October 24, 2017**

_____
UNITED STATES DISTRICT JUDGE