# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN SINGH, et al., | Case No. 1:15-cv-00646-DAD-BAM |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY |
| v. | |
| KIRK BUNCH, et al., | (Doc. No. 77) |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Currently pending before the Court is a motion to compel responses to written discovery by Defendants County of Stanislaus, Birgit Fladager and Kirk Bunch (hereinafter "Defendants") filed on June 7, 2018. (Doc. 77.) Having considered the moving papers and the record in this matter, the motion to compel shall be GRANTED.

**I.  Background**

On February 21, 2018, Defendants propounded the following written discovery:

1. Defendant County's Request for Production of Documents to Praveen Singh, Set One
2. Defendant County's Request for Production of Documents to Jyoteshna Karan, Set One
3. Defendant County of Stanislaus' Special Interrogatories to Praveen Singh, Set One
4. Defendant County of Stanislaus' Special Interrogatories to Jyoteshna Karan, Set One
5. Defendant Fladager's Special Interrogatories to Praveen Singh, Set One
6. Defendant Fladager's Special Interrogatories to Jyoteshna Karan, Set One
7. Defendant Bunch's Special Interrogatories to Praveen Singh, Set One
8. Defendant Bunch's Special Interrogatories to Jyoteshna Karan, Set One

(Doc. No. 77; Declaration of John R. Whitefleet ("Whitefleet Decl.") at ¶ 2.)

On April 17, 2018, defense counsel sent correspondence to Plaintiffs' counsel noting that responses to this discovery were due on or before March 26, 2018, but no responses had been

1

provided. (Id. at ¶ 3 and Ex. A.) Plaintiffs' counsel responded and indicated that the discovery requests had not been received. The discovery requests were retransmitted, and Plaintiffs' counsel verbally indicated that responses would be provided. (Id. at ¶ 4 and Ex. B.) Plaintiffs' counsel also acknowledged receipt of the written discovery and calendared responses as if the written discovery were mailed out on April 17, 2018. (Id. at ¶ 5 and Ex. C.) As of June 7, 2018, no responses had been provided to defense counsel, which resulted in the filing of the instant motion to compel written responses. (Id. at ¶ 6.)

On June 12, 2018, the Court invited the parties to resolve the matter informally through the Court's discovery resolution process. The Court explained that it routinely employs an informal discovery resolution process whereby the Court rules on discovery disputes via a telephonic conference provided the parties stipulate to an informal resolution. Even if the parties were unwilling to stipulate to an informal ruling, the Court suggested that the conference nonetheless take place and offered June 22, 2018, at 8:30 a.m. for a telephonic conference. The parties were directed to contact chambers to schedule a time for the conference and were directed that two days before the conference counsel for each party should submit a two-page statement briefly describing the nature of the dispute. (Doc. No. 78.)

On June 18, 2018, the Court received notice that the parties were available for a telephonic conference call on June 22, 2018. (Doc. No. 79.) Despite confirming their availability, however, the parties failed to comply with the Court's order requiring counsel for each party to submit a two-page statement briefly describing the nature of the discovery dispute at least two days prior to the conference. Accordingly, on June 21, 2018, the Court vacated the telephonic discovery conference scheduled for June 22, 2018, and took Defendants' motion to compel responses to written discovery under submission. (Doc. No. 80.)

The parties did not file a response or objection to the Court's order vacating the informal discovery conference or its notification that the motion had been taken under submission. Further, Plaintiffs did not file an opposition or other response to the motion to compel.

**II. Discussion**

Generally, under Federal Rule of Civil Procedure 26, a party "may obtain discovery

1 regarding any nonprivileged matter that is relevant to any party's claim or defense and 2 proportional to the needs of the case, considering the importance of the issues at stake in the 3 action, the amount in controversy, the parties' relative access to relevant information, the parties' 4 resources, the importance of the discovery in resolving the issues, and whether the burden or 5 expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). 6 "Information within this scope of discovery need not be admissible in evidence to be 7 discoverable." Id.

Rule 33(a) allows a party to serve on any other party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(1), (2). A responding party must serve answers to written interrogatories within 30 days after service. Fed. R. Civ. P. 33(b)(2). Similarly, Rule 34(a) provides that a party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample any designated documents or tangible things in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1)(A), (B). The party to whom the request is directed must respond in writing within 30 days after service. Fed. R. Civ. P. 34(b)(2)(A). If a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents under Rule 34, then the party seeking discovery may move for an order compelling answers or production. Fed. R. Civ. P. 37(a)(3)(A).

Assuming a service date of April 17, 2018, Plaintiffs' written responses to the discovery propounded by Defendants were due on or before May 17, 2018. Without any apparent justification, however, Plaintiffs failed to provide responses to written interrogatories or requests for production in a timely manner. Further, Plaintiffs failed to participate in the Court's informal discovery resolution process or file a response to the motion to compel. Accordingly, the Court finds that Defendants are entitled to written responses and production of documents, without objection, to the discovery initially propounded to Plaintiffs on February 21, 2018, and retransmitted on April 17, 2018.

///

///

**III. Conclusion and Order**

Based on the above, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel responses to written discovery, filed on June 7, 2018, is GRANTED;

2. Within **fourteen (14) days** from the date of this order, Plaintiffs shall provide written responses and production of documents without objection to the following discovery propounded by Defendants:

   a. Defendant County's Request for Production of Documents to Praveen Singh, Set One
   b. Defendant County's Request for Production of Documents to Jyoteshna Karan, Set One
   c. Defendant County of Stanislaus' Special Interrogatories to Praveen Singh, Set One
   d. Defendant County of Stanislaus' Special Interrogatories to Jyoteshna Karan, Set One
   e. Defendant Fladager's Special Interrogatories to Praveen Singh, Set One
   f. Defendant Fladager's Special Interrogatories to Jyoteshna Karan, Set One
   g. Defendant Bunch's Special Interrogatories to Praveen Singh, Set One
   h. Defendant Bunch's Special Interrogatories to Jyoteshna Karan, Set One; and

3. **Plaintiffs' failure to comply with this order will result in the imposition of sanctions, which may include a recommendation for dismissal of this action in its entirety.**

IT IS SO ORDERED.

Dated: **July 17, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE