# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN SINGH, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>KIRK BUNCH, *et al*.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00646-DAD-BAM<br><br>ORDER REQUIRING PLAINTIFFS' COUNSEL TO PERSONALLY APPEAR TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR<br><br>**Date:** November 30, 2018<br>**Time:** 10:00 a.m.<br>**Dept.:** 8(BAM)<br><br>**PERSONAL APPEARANCE REQUIRED** |

**TO COUNSEL FOR PLAINTIFFS PRAVEEN SINGH, et al.:**

Attorney Alejandro Herrera is **ORDERED TO SHOW CAUSE** why this Court should not impose sanctions for his failure to appear at the telephonic status conference held on November 13, 2018, as his non-appearance is delaying this case.

On October 23, 2018, the parties were advised that a telephonic status conference would be held on November 13, 2018 at 9:30 a.m. to discuss the outstanding discovery issues related to Plaintiffs' admitted failure to provide timely discovery responses. (Doc. 88). On November 13, 2018, counsel for Defendants appeared at the status conference telephonically, however, counsel for Plaintiffs failed to appear. (Doc. 90). As a result, the status conference could not proceed as intended.

A review of the docket reveals that this is not Attorney Herrera's first non-appearance in this matter. Indeed, to date, Plaintiffs' counsel has demonstrated a pattern of disregarding the orders of this Court. On July 6, 2017, Plaintiffs' counsel failed to appear at the hearing on Defendants' motion to dismiss. (Doc. 57). On August 8, 2017, the Court vacated a status conference after counsel for Plaintiffs failed to comply with the Court's order to file a status report in advance of the status conference. (Docs. 53, 59). At that time, the Court admonished Plaintiffs that their "failures to comply the Court's Orders" was "delaying this case." (Doc. 53). Despite that admonishment, on June 21, 2018, Attorney Herrera again failed to comply with the Court's order requiring Plaintiffs to "submit a two-page statement" in advance of the Court's informal discovery dispute hearing. (Doc. 80). The pattern of disobedience noted here is particularly troubling in light of the pending motion for terminating sanctions accusing Plaintiffs of ignoring their discovery obligations and failing to comply with the Court's order compelling discovery.[1]

Based on Attorney Herrera's repeated failure to appear or otherwise comply with this Court's orders, **IT IS HEREBY ORDERED** that counsel for Plaintiffs shall **personally appear** before United States Magistrate Judge Barbara A. McAuliffe, at the United States Courthouse, 2500 Tulare St., Fresno, California, Courtroom 8, on **Friday, November 30, 2018 at 10:00 a.m.**, to show cause why monetary sanctions should not be imposed for the failure to comply with the October 23, 2018 order of this court. Failure to appear at the date and time set by this order will result in the imposition of sanctions. *See Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.1986) ("District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.").

IT IS SO ORDERED.

Dated: **November 16, 2018**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants' motion for sanctions is currently under submission and will be addressed in a separate order by the Court. (Docs. 82, 88).