# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN SINGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KIRK BUNCH, *et al.*, <br><br> Defendants. | Case No. 1:15-cv-00646-DAD-BAM <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS <br><br> (Doc. 82) |

## I. INTRODUCTION

On September 11, 2018, Defendants County of Stanislaus, Birgit Fladager and Kirk Bunch (collectively "Defendants") filed the instant Motion For Sanctions for Plaintiffs' failure to comply with the Court's discovery order. (Doc. 82). Plaintiffs filed an Opposition to the Motion on October 9, 2018, and Defendants replied on October 19, 2018. (Docs. 86, 87).

On October 23, 2018, the Court took the motion under submission and set a telephonic status conference for November 13, 2018, to discuss the outstanding discovery related to the motion for sanctions. (Doc. 88). At the status conference, attorney John Whitefleet appeared on behalf of Defendants. Counsel for Plaintiffs did not appear.

Having considered the papers filed by the parties, the relevant legal authority, and the arguments advanced at the November 13, 2018 status conference, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for sanctions.

///

## II. BACKGROUND

### A. Factual Background[1]

This case arises from Plaintiffs' interactions with Defendants in connection with an investigation related to the homicide of Korey Kauffman beginning in early 2013. *See generally* First Amended Complaint ("FAC"), Doc. 31. Plaintiffs complaint alleges that in pursuit of this investigation, they have been targeted and subjected to abusive and unlawful law enforcement actions by the defendants due to their national origin, political purposes, personal vendetta and/or a combination of the three. *Id.*

On April 27, 2015, Plaintiffs filed suit alleging causes of action against Defendants for: (1) failing to train on "constitutional limits on the use of force and abuse of power;" (2) failing to punish unconstitutional use of force; (3) tolerating unconstitutional use of force; (4) failing to investigate citizen complaints; (5) tolerating collusive statements; (6) permitting outrageous tactics and tortuous activity; and (7) failing to supervise those involved in the investigation. FAC at ¶ 16.

### B. Summary of Discovery Proceedings

On February 21, 2018, Defendants propounded numerous Requests for Production of Documents ("RFPs") and interrogatories on Plaintiffs. Supplemental Declaration of John R. Whitefleet ("Whitefleet Decl."), (Doc. 87-1 at 2). On April 17, 2018, Defendants contacted counsel for Plaintiffs, noting that the responses to the February 21 discovery were due on or before March 26, 2018, but no responses to the discovery had been provided. At Plaintiffs' counsel's request, Defendants retransmitted their discovery requests, and counsel for Plaintiffs promised to provide responses on May 17, 2018. (Doc. No. 82 at 2). No responses were provided.

On June 7, 2018, Defendants filed a motion to compel written discovery. (Doc. 77). On June 12, 2018, the Court invited the parties to resolve the motion to compel using the Court's

---

[1] The Court has summarized the factual background of this case in previous orders. (Docs. 27, 73). Therefore, the Court dispenses with a detailed recitation of the background facts underlying the merits of the lawsuit and presents only those limited facts necessary to this motion.

informal discovery process. (Doc. 79). The parties agreed and contacted the Court to confirm their availability. (Doc. 79). The Court scheduled the informal discovery conference for June 22, 2018, and ordered the parties "to submit a two-page statement briefly describing the nature of the discovery dispute at least two days prior to the conference." (Docs. 78, 79). Despite confirming their availability and desire to participate in the informal discovery conference, Plaintiffs failed to submit their two-page statement prior to the conference and as a result the hearing was vacated. (Doc. 78).

On July 17, 2018, the Court granted Defendants' motion to compel and ordered Plaintiffs to provide written responses and production of documents, without objection, to the discovery initially propounded to Plaintiffs on February 21, 2018, and retransmitted on April 17, 2018 by July 31, 2018.[2]

On September 11, 2018, Defendants filed the instant motion for terminating sanctions or in the alternative evidentiary or monetary sanctions. (Doc. 82). In the motion, Defendants assert that Plaintiffs failed to provide any responses to the discovery requests ordered by the Court on July 17, 2018. (Doc. 82). On September 27, 2018, Plaintiffs filed an opposition to the motion asserting that they provided supplemental responses to discovery on September 10, 2018—one day before Defendants filed the instant motion for sanctions. (Doc. 86).

In light of Plaintiffs' belated discovery responses, on October 23, 2018, the Court took the motion for sanctions under submission and ordered the parties to: (1) meet and confer regarding the substance of Plaintiffs' discovery responses; (2) file a joint status report a week before the hearing; and (3) update the court on the status of discovery at a November 13, 2018, status conference. (Doc. 78).

In the joint status report, Defendants asserted that they sent Plaintiffs a meet and confer letter on October 25, 2018, regarding the deficiencies in Plaintiffs' responses to discovery. (Doc. 89 at 2). Plaintiffs did not respond to Defendants' meet and confer letter. (Doc. 89). Rather, on November 5, 2018, counsel for Plaintiffs telephoned Defendants to say that, in lieu of a response, he would instead supplement his discovery responses on November 26, 2018. (Doc. 89 at 2). At

---

[2] That order warned Plaintiffs that failure to comply may result in the imposition of sanctions, including dismissal. (Doc. 81 at 4).

the status conference, counsel for Plaintiffs did not appear. Defendants again argued that Plaintiffs discovery responses were insufficient and Defendants renewed their request for sanctions.

## III. THE PARTIES' POSITIONS

### A. Defendants' Position

Despite Plaintiffs untimely production on September 10, 2018, Defendants urge the Court to consider terminating sanctions on the grounds that Plaintiffs have repeatedly failed to comply with their discovery obligations and this Court's past discovery orders. (Doc. 82). Defendants argue that Plaintiffs latest discovery responses are not only eight months late without any explanation for the delay, but the responses are also procedurally and substantively insufficient. (Doc. 87 at 2). Specifically, Plaintiffs 'responses' to the Interrogatories were not provided under oath. Second, the responses merely 'cut and paste' from the allegations of the complaint. *Id.* Third, the responses ignore many discrete subparts making the responses neither full nor complete.

With respect to the document requests, Defendants argue that instead of responding to each RFP, Plaintiffs provided a single response to all 160 document requests stating: "a substantial amount of documents (virtually all) have been confiscated or seized by defendants or their agents during the course" of the underlying criminal proceedings.[3] Therefore, "only minimal and partial documents are available at this time, due to said seizure by defense." Declaration of John R. Whitefleet ("Whitefleet Decl."), (Doc. 87-1, Ex. D). Defendants argue that sanctions are appropriate for Plaintiffs failure to comply with the Court's discovery order.

### B. Plaintiffs' Position

Plaintiffs respond that Defendants' motion for terminating sanctions should be denied because Plaintiffs have acted in good faith when producing discovery. (Doc. 86 at 2). Plaintiffs

---

[3] On February 27, 2014, Plaintiff Singh was arrested on suspicions of welfare fraud at the office of Plaintiff Karan's real estate brokerage firm, Royal Realty. FAC at ¶ 50. Prior to and/or after his arrest, investigators searched Plaintiffs office files and computers, seizing real estate document files, computers, and printers as well as Plaintiffs cell phones and GPS devices. FAC at ¶ 51.

4

explain that their discovery responses, albeit untimely, were mailed on September 10, 2018—one day before Defendants filed the instant motion for sanctions. (Doc. 86). Prior to submitting their responses, counsel for Plaintiffs argues that he was in regular communication with counsel for Defendants regarding the absent discovery. (Doc. 86 at 2). Plaintiffs further argue that they are not at fault for the tardy responses because "Plaintiffs have been limited in procuring the documents requested by defense because the documents have been (almost in their entirety) seized by the County of Stanislaus as part of their 'murder investigation' as noted in plaintiffs first amended complaint." (Doc. 86 at 2). According to Plaintiffs, all the documents seized remain in the possession of the County of Stanislaus. (Doc. 86 at 2). Plaintiffs further argue that they made every effort to comply with the Court's discovery order and provided discovery responses of "anything not seized" prior to Defendants' motion for sanctions.

**IV.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 37, the district court has the authority to sanction a party that fails to obey a discovery order by: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A).

Since dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances, such as where there is willful disobedience or bad faith. *See in re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Conn. Gen'l Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (*quoting Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). All that is required to show willfulness or bad faith is "disobedient conduct

not shown to be outside the control of the litigant." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). "An explicit finding of willful noncompliance is necessary. It will not be inferred from findings that noncompliance was 'unexcused' or 'unjustified.'" *Newpark Mall LLC v. Crge Newpark Mall, LLC*, No. 15-cv-817-PJH, 2016 WL 742009, at *2 (N.D. Cal. Feb. 25, 2016).

Additionally, federal courts have the inherent authority to impose sanctions for misconduct, which may include an award for attorney's fees against attorneys and parties who "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or acted in "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("sanctions under the court's inherent powers may take the form of attorney's fees"). Bad faith is tested objectively. A district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous. *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986).

**V.  DISCUSSION**

**A.  Terminating Sanctions**

Defendants requests that the Court recommend terminating sanctions pursuant to Rule 37, based on Plaintiffs' failure to comply with the Court's discovery order. The Ninth Circuit requires that the Court consider five factors in determining whether a case-dispositive sanction under Rule 37(b)(2) is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of a case on its merits; and (5) the availability of less drastic sanctions. *Conn. Gen'l Life Ins. Co.*, 482 F.3d at 1096. The fifth factor asks "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id*. "When a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them." *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). Thus, whether terminating sanctions are appropriate "turns on the third and fifth factors." *Id.*

Reviewing the five factors, the Court finds that terminating sanctions are not warranted at

this juncture. The first factor weighs in favor of terminating sanctions; this case has been pending for over three years, largely due to Plaintiffs' delay. Notably, in the July 7, 2017, order granting Defendants' motion to dismiss, the district judge specifically found that the substantial delay in this case was caused by Plaintiffs failures to "correct their errors or to follow the court's advice." (Doc 58 at 5-6). As demonstrated in this discovery dispute, this conduct of delay is ongoing. Plaintiffs failed to respond to propounded discovery for eight months. Although Plaintiffs argue that the delay is not their fault, this does not excuse Plaintiffs from responding to the Court's orders, Defendants' discovery requests, and meet and confer letters. Given Plaintiffs and Plaintiffs' counsel's recalcitrant conduct to date, without sanctions, an expeditious resolution of this litigation appears impossible.

The second factor also weighs in favor of terminating sanctions. The Ninth Circuit has explained that dismissal serves the "court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Again, Plaintiffs' failure to cooperate in discovery and properly litigate this case is the reason this case has been delayed, prolonging it on the court's docket.

The third factor weighs in favor of terminating sanctions. Without the necessary discovery, Defendants argues that it lacks "basic information about Plaintiffs' claims." (Doc. 82 at 5). The Court agrees that Plaintiffs' failure to cooperate in discovery will prejudice Defendants, absent sanctions. Plaintiffs have failed to produce substantive responses to the interrogatories; instead Plaintiffs copied and pasted wholesale portions of their first amended complaint. Moreover, those responses are unsworn and unverified. (Doc. 87 at 2; See Fed.R.Civ.P 33(b)(3) and (5)). Further, except for producing a handful of responsive documents, Plaintiffs merely provided a singular response to "virtually all" of Defendants RFPs. (Doc. 87-1 at 89-90).

Additionally, the court finds troubling Plaintiffs' unwillingness to comply with the Court's efforts to assist the parties in overcoming the discovery obstacles alleged by Plaintiffs.

Prior to the court's order compelling discovery, Plaintiffs had two opportunities to oppose Defendants' initial motion to compel and explain why discovery could not be produced. Instead, Plaintiffs failed to file a written opposition to the motion. Plaintiffs then failed to provide a two-page statement when presented with the opportunity to participate in the Court's informal discovery process. (Doc. 80). Plaintiffs have provided no explanation for repeatedly ignoring the Court's orders to appear at telephonic conferences or provide updates to the Court. Further, even if there is some justification as to why some or even most of the documents cannot be produced, this hardly explains why Plaintiffs' interrogatory responses are factually insufficient, are unverified, and served over eight months late. (Doc. 86 at 2).

The fourth factor weighs against sanctions, but only slightly. Although "the public policy favoring disposition on their merits strongly counsels against dismissal," the Ninth Circuit has also recognized that "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228 (internal quotation omitted). This is because "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *Id.* Such is the case here, where Plaintiffs' failure to cooperate in discovery has delayed discovery for eight months.

Finally, the Court finds that the fifth factor weighs dispositively against terminating sanctions for this case, at this point. Terminated sanctions are not warranted because lesser sanctions are available. While Plaintiffs have failed to comply with the Court's order to provide adequate responses to Defendants' interrogatories and RFPs, and have been warned by the Court that the failure to cooperate with discovery could lead to the dismissal of their claim, the Court ultimately finds that lesser sanctions are available, specifically evidentiary sanctions. Pursuant to the sanctions available under Rules 37(b)(2)(A)(ii) and (c)(1), the Court will forbid the use of information, witnesses, or evidence on a motion or at trial within the scope of the Defendants' discovery, but will permit such information, witnesses, or evidence that has been produced by Plaintiffs, as explained more fully below. These sanctions will guard against prejudice to Defendants by preventing Plaintiffs from producing information, evidence or documents or the

proverbial "smoking gun" at a dispositive motion or on the eve of trial yet permit the case to move forward. Because the Court will, as discussed below, impose evidentiary sanctions, the Court concludes that the fifth factor of the availability of lesser sanctions weighs heavily against the recommendation of terminating sanctions. Therefore, balancing the five factors, the Court DENIES Defendants' request for terminating sanctions.

### B. Evidentiary Sanctions

If unsuccessful on the motion for terminating sanctions, Defendants request evidentiary sanctions precluding Plaintiffs from introducing evidence "in support of any of the issues addressed by the requests in the discovery." (Doc. 87 at 6). Defendants discovery requests include Request for Production of Documents Nos. 1-160 to Praveen Singh, Set One (Doc. 82 at 29-55); Request for Production of Documents Nos. 1-103 to Jyoteshna Karan, Set One (Doc. 82 at 56-76); Special Interrogatories Nos. 1-15 to Praveen Singh, Set One (Doc. 82 at 77-89); Special Interrogatories Nos. 1-14 to Jyoteshna Karan, Set One (Doc. 82 at 90-102); Defendant Fladager's Special Interrogatories Nos. 1-25 to Praveen Singh, Set One (Doc. 82 at 103-117); Defendant Fladager's Special Interrogatories to Jyoteshna Karan Nos. 1-20, Set One (Doc. 82 at 118-132); Defendant Bunch's Special Interrogatories Nos. 1-16 to Praveen Singh, Set One (Doc. 82 at 133-147); and Defendant Bunch's Special Interrogatories Nos. 1-12 to Jyoteshna Karan, Set One (Doc. 82 at 148-160).

The Court finds that evidentiary sanctions are appropriate under Rule 37, based on Plaintiffs' failure to comply with the Court's discovery order. Fed. R. Civ. P. 37(b)(2)(A)(ii). As discussed above, Plaintiffs' responses to the interrogatories are deficient, unverified, comprised solely of wholesale copying and pasting of the first amended complaint, and served over a month after the Court ordered deadline. Plaintiffs have also failed to make a meaningful production of documents or provide an adequate explanation regarding what investigation was performed to locate those documents by other means.

Plaintiffs' reliance on the document seizure related to the underlying criminal proceeding does not absolve Plaintiffs of their discovery obligations. Plaintiffs have made no showing that they attempted to procure the documents by other means. Plaintiffs have also agreed to provide

supplemental responses on or before November 26, 2018. (Doc. 89 at 2). The promise of a future document production raises substantial doubts as to whether the document seizure is entirely responsible for Plaintiffs failed production to date. Thus, to the extent Plaintiffs justify their almost wholesale failure to produce documents on the underlying criminal investigation, the Court finds this explanation not entirely credible.

The Court also finds that evidentiary sanctions are necessary to prevent prejudice to Defendants due to Plaintiffs' failure to cooperate with discovery, as stated in Defendants' motion. Plaintiffs' refusal to participate in discovery has unnecessarily delayed the duration of this case by several months and prevented Defendants from acquiring basic information about Plaintiffs' claims. Given that the Court has already issued an order compelling discovery, and repeatedly warned Plaintiffs that their conduct in litigating this case is causing delays and could lead to sanctions, the Court finds that lesser sanctions would not be effective. Plaintiffs blatant disregard of the Court's earlier orders to respond to the motion to compel and provide timely discovery demonstrates that Plaintiffs have no intention of complying with their discovery obligations in a reasonable fashion, or that further orders to compel will result in any meaningful document production or interrogatory responses. Thus, sanctions prohibiting Plaintiffs from introducing previously undisclosed evidence encompassed by Defendants' propounded interrogatories and requests for production as listed above are warranted.

The Court therefore GRANTS Defendants' request for evidentiary sanctions as sought above.

**C.     Monetary Sanctions**

Finally, Defendants request the imposition of $2,240.00 in monetary sanctions as reimbursement for Defendants' expenses in obtaining responses to discovery.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if (i) the movant filed the motion

before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The Court finds evidentiary sanctions to be sufficient and shall not grant monetary sanctions. As expressly provided by Rule 37(a)(5)(A), the court "shall" require the moving or opposing party to pay reasonable expenses unless other circumstances make an award of expenses unjust. The Court finds that the award of evidentiary sanctions adequately remediates the prejudice to Defendants with respect to this discovery dispute and serves as sufficient deterrence for future discovery conduct. Additional sanctions at this time are therefore excessive and unnecessary.

**V.    CONCLUSION**

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for sanctions as follows:

1. The Court DENIES Defendants' request for a recommendation of terminating sanctions, as well as monetary sanctions;

2. The Court GRANTS Defendants' motion for evidentiary sanctions. Except for documents Plaintiffs' have previously produced, Plaintiffs are prohibited from introducing or using in any motion, at any hearing, or at trial, evidence within the scope of the unverified interrogatory responses and documents requests, as encompassed by the following discovery requests:

    a. Request for Production of Documents Nos. 1-160 to Praveen Singh, Set One (Doc. 82 at 29-55);

    b. Request for Production of Documents Nos. 1-103 to Jyoteshna Karan, Set One (Doc. 82 at 56-76);

    c. Special Interrogatories Nos. 1-15 to Praveen Singh, Set One (Doc. 82 at 77-89);

    d. Special Interrogatories Nos. 1-14 to Jyoteshna Karan, Set One (Doc. 82 at 90-102);

  e. Defendant Fladager's Special Interrogatories Nos. 1-25 to Praveen Singh, Set One (Doc. 82 at 103-117);

  f. Defendant Fladager's Special Interrogatories to Jyoteshna Karan Nos. 1-20, Set One (Doc. 82 at 118-132);

  g. Defendant Bunch's Special Interrogatories Nos. 1-16 to Praveen Singh, Set One (Doc. 82 at 133-147); and

  h. Defendant Bunch's Special Interrogatories Nos. 1-12 to Jyoteshna Karan, Set One (Doc. 82 at 148-160).

 3. Nothing in the Court's order shall be read to absolve Plaintiffs of their continuing obligation to supplement incomplete or incorrect disclosures or responses in a timely manner. Fed. R. Civ. P. 26(e). Plaintiffs' failure to comply with their ongoing discovery obligations may result in the imposition of further sanctions, which may include a recommendation for dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated: **November 20, 2018**   /s/ *Barbara A. McAuliffe*
                  UNITED STATES MAGISTRATE JUDGE