# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAVEEN SINGH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KIRK BUNCH, *et al.*, <br><br> Defendants. | Case No. 1:15-cv-00646-DAD-BAM <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE <br><br> (Doc. No. 91) <br><br> **FOURTEEN-DAY DEADLINE** |

Plaintiffs Praveen Singh and Joyteshna Karan ("Plaintiffs') commenced this action on April 27, 2015, alleging claims under the Civil Rights Act, 42 U.S.C. § 1983, the civil RICO statute, and several torts pursuant to state law. (Doc. No. 1). Plaintiffs alleged claims against multiple defendants, including two defendants who were ultimately dismissed because of Plaintiffs' failure to effectuate service within the time limit provided for under Federal Rule of Civil Procedure 4(m). (See generally, Doc. Nos. 58, 73).

On November 13, 2018, Plaintiffs' counsel Alejandro Herrera, Esq., failed to appear for a noticed status conference which was set to discuss his failure to provide adequate discovery responses. (Doc. No. 90). As a result of his nonappearance, on November 16, 2018, the Court issued an order to show cause ("OSC") why sanctions should not be imposed for Plaintiffs' failure to appear at the status conference. (Doc. No. 91). The order directed Plaintiffs' counsel

1

to appear in person on November 30, 2018, in large part, because of Plaintiffs' previous failures to obey Court orders. (Doc. No. 91). The order to show cause was served on Plaintiffs' counsel at both of his email addresses of record: alex@hessherrera.com and alexhherrera@me.com.

The matter was heard on November 30, 2018, before the Honorable Barbara A. McAuliffe. The Court waited until 10:10 a.m. to begin the hearing—ten minutes after the scheduled time. (Doc. No. 93). Plaintiffs' counsel did not appear at the show cause hearing or otherwise contact or communicate with the Court.

## I. Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standards

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiffs have failed to prosecute this action, and Plaintiffs' counsel has been otherwise non-responsive to the Court's orders directing him to appear and comply with Court

orders. The Court cannot effectively manage its docket if Plaintiffs cease litigating their case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Further, as explained in the Court's order issuing evidentiary sanctions, Defendants have been prejudiced by Plaintiffs' conduct. (*See* Doc. No. 92.) The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in sanctions satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 16, 2018, order expressly warned Plaintiffs that their failure to respond to the order to show cause or otherwise comply would result in sanctions. (Doc. No. 91 at pp. 2). Thus, Plaintiffs had adequate warning that dismissal could result from their noncompliance.

Additionally, at this stage in the proceedings, having already issued extensive evidentiary sanctions, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The Court has already issued lesser sanctions for Plaintiffs' failure to comply with the Court's order compelling discovery in hopes that the parties could salvage the remaining discovery in this matter and to avoid the harsh sanction of dismissal. (Doc. No. 92). Plaintiffs, however, insist on ignoring the Court's efforts by failing to appear at the November 13 and November 30, 2018 hearings or otherwise prosecute this case. Plaintiffs did not request an extension of time to comply with the Court's orders, advise the Court that they would not be appearing at the hearing,

///

or in any way communicate with the Court. Lesser sanctions are therefore of little use and have had no effect as Plaintiffs have ceased litigating their case.

## II.     Conclusion and Recommendation

For the reasons explained above, the Court **HEREBY RECOMMENDS** that this action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 4, 2018**              /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE